**Opinion filed April 24, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00335-CV

_____

## IN THE INTEREST OF H.E.M.T. AND E.A.T., CHILDREN

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C44989**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of the mother and father of H.E.M.T. and E.A.T. (the children).[1] The mother voluntarily relinquished her parental rights and did not file an appeal. The father timely filed an appeal. In a single issue on appeal, he challenges the sufficiency of the evidence to support termination. We affirm.

*Termination Standard and Findings*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West 2014). To determine if the evidence is legally sufficient in a parental termination case, we review all of

---

[1]We note that the trial court also terminated parental rights with respect to a third child, M.R.T., who has the same mother but a different father. Neither of M.R.T.'s parents has filed an appeal.

the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001.

In this case, the trial court found that Appellant had committed three of the acts listed in Section 161.001(1)—those found in subsections (D), (N), and (O). Specifically, the trial court found that Appellant had placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, that he had constructively abandoned the children, and that he had failed to comply with the provisions of a court order as necessary for him to obtain the return of the children. The trial court also found, pursuant to Section 161.001(2), that termination of Appellant's parental rights would be in the best interest of the children. In his brief, Appellant does not challenge the sufficiency of the evidence to support the best interest finding.

*Evidence at Trial*

The Department of Family and Protective Services removed the children from their parents in June 2012 after M.R.T., the children's half-sister who was less than eight months old, was seriously injured while in the care of the mother and M.R.T.'s father. The Department was appointed as the children's managing conservator at that time. The final hearing on termination occurred in October 2013.

The evidence shows that, prior to the incident involving M.R.T. and her father, the children had been exposed to domestic violence involving Appellant. When Appellant lived with the mother and the children, Appellant injured the mother and committed "ongoing domestic violence" against her in the presence of the children. Appellant was arrested for "beating [the mother] up." At the time of trial, Appellant was in a Florida prison. He had been convicted of assault and of trafficking in stolen property.

Donna Massey, the Department's conservatorship worker, testified that the Department had put a plan in place so that Appellant could be reunited with his children but that, to her knowledge, Appellant had not fulfilled any portion of his plan. Massey contacted Appellant in prison and requested that he fill out a child resource form. She informed Appellant that, if he would send her information about relatives that would be a suitable placement for the children, the Department would place them with those relatives. Appellant subsequently expressed a desire that his parental rights not be terminated and that the children remain in foster care until his release from prison. According to Massey, Appellant had no contact whatsoever with the children during the time that the children were in the care of the Department. Appellant did not visit the children, nor did he send any cards, letters, or gifts to them. Massey testified that Appellant cannot support his children. Additional evidence relating to the best interest of the children was also presented at trial but need not be detailed here because Appellant does not challenge the best interest finding.

*Analysis*

The Department produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that Appellant had constructively abandoned the children. To support a finding of constructive abandonment, the Department must have shown that the children had been in the

3

managing conservatorship of the Department for at least six months, that the Department had made reasonable efforts to return the children, that Appellant had not regularly visited or maintained significant contact with the children, and that Appellant had demonstrated an inability to provide the children with a safe environment. *See* FAM. § 161.001(1)(N). The undisputed evidence shows that the Department had been the children's managing conservator for over a year. The record also shows that the Department had made reasonable efforts to return the children to Appellant or to his family, that Appellant had not regularly visited or maintained significant contact with the children, and that Appellant had demonstrated an inability to provide the children with a safe environment. Therefore, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(1)(N). *See In re J.A.L.*, No. 11-13-00191-CV, 2013 WL 7083191 (Tex. App.—Eastland Dec. 19, 2013, no pet.) (mem. op.); *In re N.R.T.*, 338 S.W.3d 667, 673–75 (Tex. App.—Amarillo 2011, no pet.). Because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required under that statute, we need not address Appellant's contentions that the evidence is insufficient to support the trial court's findings under subsections (D) and (O). *See* TEX. R. APP. P. 47.1. Appellant's sole issue on appeal is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination.

April 24, 2014                                                      MIKE WILLSON

Panel consists of: Wright, C.J.,                          JUSTICE
Willson, J., and Bailey, J.